# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSEPH MARIANO, *et al.*

    Plaintiffs,

  v.

SASSAN GHARAI, *et al.*

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SGA HOLDINGS, INC.,

    Third-Party Plaintiff,

  v.

LANE BUILDING SERVICES, LLC,

    Third-Party Defendant,

Civil Action No. 12-1400 (CKK)

## MEMORANDUM OPINION
(November 21, 2013)

Plaintiffs, Joseph Mariano and Anna Biedsinska-Mariano filed suit in District of Columbia Superior Court against Defendants 1367 Florida Avenue, LLC, SGA Holdings, Inc., Sassan Gharai, and SGA Architects, Inc. After Defendants removed the case to this Court, Defendant SGA Holdings, Inc., subsequently filed a Third-Party Complaint against Lane Building Services, LLC. Presently before the Court is Third-Party Defendant Lane Building Services, LLC's [23] Motion to Dismiss and/or Compel Arbitration. Upon consideration of the

parties' submissions,[1] the applicable authorities, and the record as a whole, the Court shall DENY WITHOUT PREJUDICE Third-Party Defendant's [23] Motion to Dismiss and/or Compel Arbitration.

## I. BACKGROUND

This suit arises out of alleged damage to Plaintiffs' home and collapse of their backyard into the yard of the neighboring property, which was being excavated as part of a construction project to build a condominium building. *See* Third-Party Def.'s Mot. to Dismiss at 2; Third-Party Pl.'s Opp'n at 2. Plaintiffs initially filed suit in District of Columbia Superior Court against four Defendants: (1) 1367 Florida Avenue, LLC – the alleged owner of the neighboring property; (2) SGA Holdings, Inc. – the company allegedly responsible for the construction activity; (3) SGA Architects, Inc. – the architect allegedly responsible for the construction project; and (4) Sassan Gharai – the owner of SGA Holdings, Inc. *Id.*

Subsequently, Defendant SGA Holdings, Inc. ("SGA Holdings") filed a [18] Third-Party Complaint for negligence and breach of contract against the alleged "general contractor" for the construction project, Lane Building Services, LLC ("Lane Building Services"). Third-Party Compl. ¶ 5. The Third-Party Complaint references and attaches as an exhibit a Contract entered into between 1367 Florida Avenue, LLC, SGA Architects, and Lane Building Services to provide construction services for the property located at 1367 Florida Avenue NE, Washington,

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Third-Party Compl., ECF No. [18]; Mot. to Dismiss and/or Compel Arbitration, ECF No. [23] ("Third-Party Def.'s Mot. to Dismiss"); Mem. of P&A in Opp'n to Third-Party Def. Lane Building Services, LLC's Mot. to Dismiss and/or Compel Arbitration, ECF No. [26-1] ("Third-Party Pl.'s Opp'n"); Mem. of Grounds & Auth. in Supp. of Reply to SGA Holdings' Opp'n to Third Party Def. Lane Building Services LLC's Mot. to Dismiss and/or Compel Arbitration, ECF No. [28-1] ("Third-Party Def.'s Reply"); Stmt. of Material Facts Not in Dispute in Supp. of Third Party Def. Lane Building Services, LLC's Mot. to Dismiss and/or Compel Arbitration, ECF No. [29] ("Third-Party Def.'s Stmt. of Facts").

DC ("Contract"). *Id.* at ¶ 15, Ex. B (Contract between 1367 Florida Avenue, LLC, SGA Architects, and Lane Building Services, LLC). SGA Holdings is a member of 1367 Florida Avenue, LLC. Third-Party Compl. ¶ 4.

The Contract contains an arbitration agreement, which states:

> 7.18 ARBITRATION: Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and those waived as provided for in Subparagraph 8.16.1 and 8.16.2, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation.
>
> 7.19 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.

*Id.*, Ex. B at 16-17. The Contract also defines the word "Claim" as follows:

> 7.11 CLAIMS AND DISPUTES: Definition. A claim is a demand or assertion by on [sic] of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other belief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and GC arising out of or relating to the Contract. Claims must be initiate [sic] by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

*Id.*, Ex. B at 15. Invoking these provisions, Third-Party Defendant Lane Building Services subsequently filed the present [23] Motion to Dismiss and/or Compel Arbitration, arguing that SGA Holdings is a third-party beneficiary of the Contract and should be required to arbitrate the claims it raises in its Third-Party Complaint.

In the time since this motion has been pending, the status of the parties has changed slightly, although not in any way that affects the substance of this Court's ruling. This Court has dismissed 1367 Florida Avenue, LLC from this litigation due to Plaintiffs' failure to serve this Defendant. *See* Order, ECF No. [27]. In addition, pursuant to their Second Amended

Complaint, Plaintiffs have added Lane Building Services as a Defendant in this action. *See* Second Amended Complaint, ECF No. [42]. Defendants SGA Architects and Sassan Gharai subsequently filed a cross-claim against Lane Building Services. *See* Cross-Claim of Defendants Sassan Gharai and SGA Architects, Inc. Against Lane Building Services, LLC, ECF No. [44]. Lane Building Services has also filed a cross-claim against all of the other remaining Defendants – SGA Architects, Sassan Gharai, and SGA Holdings. *See* Defendant/Cross-Plaintiff Lane Building Services, LLC's Cross-Claim Against Defendants/Cross-Defendants Sassan Gharai, SGA Companies, Inc. f/k/a SGA Architects, Inc. t/a SGA Architects, and 1367 Florida Avenue, LLC, ECF No. [63].

Accordingly, due to the timing of the various filings in this case, Lane Building Services is now a Defendant, a Cross-Plaintiff, a Cross-Defendant, and a Third-Party Defendant in this action. Similarly, SGA Holdings is a Defendant, a Cross-Defendant, and a Third-Party Plaintiff in this suit. However, because this opinion only discusses the motion to compel arbitration with respect to the third-party claim asserted by SGA Holdings against Lane Building Services, for ease of reference, the Court refers to SGA Holdings as Third-Party Plaintiff and Lane Building Services as Third-Party Defendant.

## II. LEGAL STANDARD

"When considering a motion to stay proceedings and/or compel arbitration, the appropriate standard of review for the district court is the same standard used in resolving summary judgment motions pursuant to Federal Rule of Civil Procedure 56(a)." *Sheet Metal Workers' Intern. Ass'n v. United Transp. Union*, 767 F.Supp.2d 161, 167 (D.D.C. 2011) (internal quotation marks and citations omitted). "Thus, it is appropriate to grant a motion to stay proceedings when the pleadings and the evidence demonstrate that 'there is no genuine dispute as to any material

4

fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In this situation, the movant (the party seeking summary judgment or arbitration) bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact." *Kindig v. Whole Foods Mkt. Group, Inc.*, 811 F.Supp.2d 410, 413 (D.D.C. 2011). In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record – including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence – in support of his or her position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); "[i]f the evidence is merely colorable, or is not

5

significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

## III.  DISCUSSION

The threshold question at issue in this motion is whether SGA Holdings is a third-party beneficiary of the contract between 1367 Florida Avenue, LLC, SGA Architects, and Lane Building Services.  Third-Party Defendant Lane Building Services argues that SGA Holdings is a third-party beneficiary to the contract, meaning that its claims grounded in the contract are subject to arbitration.  Third-Party Def.'s Mot. to Dismiss at 10-12.  Because Lane Building Services would be entitled to invoke the arbitration clause against its contractual counter-parties for disputes arising under the contract, it contends that it should also be entitled to raise the defense of arbitration against a third-party beneficiary.  *See Arthur Andersen, LLP v. Carlisle*, 556 U.S. 624, 631, 129 S.Ct. 1896, 173 L.Ed. 832 (2009) (observing that "traditional principles of state law allow a contract to be enforced by or against non-parties to the contract through . . . third-party beneficiary theories"); *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984) (noting "the general rule that the promisor may assert against the [third-party] beneficiary any defense that he could assert against the promisee if the promisee were suing on the contract."); *Oehme, Van Sweden & Assoc., Inc. v. Maypaul Trading & Svcs, Ltd.*, 902 F.Supp.2d 87, 97 (D.D.C. 2012) (observing that "[a] nonsignatory to an arbitration agreement may be bound by that agreement under traditional principles of contract and agency law . . . [including] third-party beneficiary.").

However, before proceeding to the issue of whether SGA Holdings' claims are covered by this arbitration clause, the antecedent question remains whether SGA Holdings is a third-party beneficiary here.  On this issue of its third-party beneficiary status, SGA Holdings is

inconsistent. In its Third-Party Complaint, SGA Holdings alleges breach of contract as one of its causes of action, and asserts that "[a]s a member of Defendant 1367 Florida Ave, LLC, SGA Holdings, Inc. was a beneficiary of the contract between Defendant 1367 Florida Ave, LLC and Third Party Defendant, Lane Building Services, LLC . . . ." Third-Party Compl. ¶ 15. In its motion to compel arbitration, Third-Party Defendant latches onto this statement, arguing that SGA Holdings has admitted that it is a third-party beneficiary, deciding the question for the Court. Third-Party Def.'s Mot. to Dismiss at 12. In its Opposition, SGA Holdings backtracks, stating that this statement should not affect its separate claim alleging negligence by Third-Party Defendant. Third-Party Pl.'s Opp'n at 7-8.

Yet the parties' focus on this single statement misses the point. Whether SGA Holdings, is a third-party beneficiary is not simply a question of fact. *See In re Frescati Shipping Co., Ltd.*, 718 F.3d 184, 197 (3d Cir. 2013) ("whether the contract itself established a third-party beneficiary relationship [is] a question of law."); *Flexfab, LLC v. United States*, 424 F.3d 1254, 1259 (Fed. Cir. 2005) ("The underlying question of whether Flexfab was a third-party beneficiary under the contract is a mixed question of law and fact."). This question "is therefore not susceptible to judicial admission, as it is well established that judicial admissions on questions of law have no legal effect." *McNamara v. Picken*, No. 11-cv-1051, 2013 WL 3004825, at *4 (D.D.C. June 18, 2013) (internal quotation marks omitted).[2] Accordingly, SGA Holdings' statement in its pleading is insufficient to establish its third-party beneficiary status.

---

[2] Although it concludes that Third-Party Plaintiff's statement in its Complaint that it is a beneficiary of the contract is not determinative on the question of its third-party beneficiary status, the Court notes that SGA Holdings' subsequent retreat from this statement is somewhat strange. In order to bring its breach of contract claim, SGA Holdings must establish that it is a third-party beneficiary. *See Fort Lincoln Civic Assoc., Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008) ("In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third party beneficiary status.") (quoting *Alpine County,*

Rather, in order to find that SGA Holdings is a third-party beneficiary, the Court must apply the legal standard for third-party beneficiary status and determine whether "the contracting parties had an express or implied intention to benefit directly the party claiming such status." *Fort Lincoln Civic Assoc., Inc.*, 944 A.2d at 1064 (internal citations omitted). The current record provides an insufficient basis to make this assessment. In the absence of the statement in Third-Party Plaintiff's Complaint, the Court has little to draw on in assessing whether SGA Holdings qualifies as a third-party beneficiary. As Third-Party Plaintiff points out, and the Court's review confirms, the contract itself makes no mention of SGA Holdings. Third-Party Compl. Ex. B. To be sure, this fact does not preclude a finding that SGA Holdings is a third-party beneficiary. *See Monument Realty LLC v. Washington Metropolitan Area Transit Auth.*, 535 F.Supp.2d 60, 70 (D.D.C. 2008) ("The absence of the third party's name from the contract is not fatal to his claim when the surrounding circumstances tend to identify the third-party beneficiary."). However, there is little else in the record, as currently constituted, to support this conclusion. The only undisputed fact concerning SGA Holdings relationship to the contract and to its parties is that SGA Holdings is a member of the limited liability corporation 1367 Florida Avenue, which *is* a party to the contract. Third-Party Def.'s Mot. to Dismiss at 2; Third-Party Pl.'s Opp'n at 2. Standing alone and without any additional support, this fact is plainly

---

*California v. United States*, 417 F.3d 1366, 1368 (Fed. Cir. 2005)). Yet in its Opposition, Third-Party Plaintiff appears to be denying this status, casting doubt on an essential element of its breach of contract claim. Third-Party Pl.'s Opp'n at 7-8. Similarly, the Court notes that Third-Party Plaintiff's negligence claim seeking contribution appears to be founded on a duty owed to it based on Third-Party Defendant's contractual obligations. *See Kindig*, 811 F.Supp.2d at 415 (D.D.C. 2011) (noting that negligence allegations in a similar context were essentially an argument that third-party defendant "failed to perform the services and exercise the duties of care described in" a contractual agreement). By denying its third-party beneficiary status in its Opposition, Third-Party Plaintiff also appears to be undermining its negligence claim.

insufficient for the Court to conclude that the parties to the contract had the intent to directly benefit SGA Holdings.

In its Reply, Third-Party Defendant points to allegations from the Plaintiffs' Complaint as support for the notion that SGA Holdings. Third-Party Def.'s Reply at 3-4. These allegations include the contention that SGA Holdings "was responsible for the construction activities at 1367 Florida Avenue" as well as the statement that SGA Holdings "acknowledged its responsibility to provide structural support to the Property pursuant to D.C. Code Section 3307.2 and expressly agreed to provide certain additional services to Plaintiffs." *Id.* at 4. These allegations shed additional light on SGA Holdings' role in the construction project at issue as well as its relationship to the contractual parties. If substantiated with additional record evidence revealed during discovery, these sorts of allegations, or other evidence regarding SGA Holdings' relationship to the contract, might support the conclusion that SGA Holdings is a third-party beneficiary of the contract. However, at the moment, these remain merely allegations, which are currently denied by Third-Party Plaintiff. *See* Answer of Defendant SGA Holdings, Inc., ECF No. [51].

Accordingly, without further evidence in the record, the Court cannot conclude that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law" on the issue of compelling arbitration, as it must in applying the Rule 56 standard. Indeed, the evidence is clearly not "so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 252. Rather, the Court finds that it lacks the evidence necessary to make this decision. Consequently, on the present submissions, the Court will deny Third-Party Defendant's [23] Motion to Compel Arbitration. However, this denial is without prejudice, and Third-Party Defendant remains free to refile this motion with additional factual evidence as to

9

the relationship of SGA Holdings to the contract. In this opinion, the Court takes no position as to the remaining contested issues regarding Third-Party Defendant's motion.

## IV. CONCLUSION

For all of the reasons stated herein, the Court DENIES WITHOUT PREJUDICE Third-Party Defendant's [23] Motion to Dismiss and/or Compel Arbitration. An appropriate Order accompanies this Memorandum Opinion.

Date: November 21, 2013

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge